UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIDA IRIS RODRIGUEZ, | : | CIVIL NO: 1:20-CV-02108 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM OPINION

## I. Introduction.

Plaintiff Aida Iris Rodriguez began this social security case with counsel. After we granted counsel's motion to withdraw, we ordered Rodriguez to file a brief in support of her appeal.[1]  She did not do so.  We ordered her again to do so. Still, she did not do so.  After analyzing the applicable factors, we conclude that Rodriguez has abandoned this action and that the case should be dismissed.

---

[1] Under our local rules of court, "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits shall be adjudicated as an appeal . . . ." M.D. Pa. L.R. 83.40.1.

## II.  Background and Procedural History.

Rodriguez, through counsel, began this action by filing a complaint on November 13, 2020, seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.  She claims that the Commissioner's decision is not supported by substantial evidence and is contrary to law. *Doc. 1* at ¶ 5.  She requests that the court reverse and set aside the Commissioner's decision or, in the alternative, remand the case to the Commissioner for further proceedings. *Id*. at 2 (Wherefore Clause).

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. *Doc. 12*.  The Commissioner then filed an answer and a certified transcript of the administrative proceedings. *Docs. 15, 16*.   At the request of Rodriguez's counsel, we stayed the case for a time, *see docs. 17*, *18*, and then we granted counsel's requests for extensions of time to file a brief in support, *see docs. 21*, *25*, *28*.  Instead of filing a brief in support, Rodriguez's counsel on July 5, 2022, filed a motion to withdraw his appearance and a brief in support of that motion. *See docs. 30, 31*.  We gave Rodriguez notice of that motion to withdraw and an opportunity to respond. *See*

*doc. 32*.  After Rodriguez failed to respond, we granted counsel's motion to withdraw. *See doc. 33*.

When we granted counsel's motion to withdraw, we directed the Clerk of Court to note Rodriguez's address on the docket and to send Rodriguez a copy of the Standing Practice Order in Social Security Appeals.  We also extended the deadline for Rodriguez to file her brief in support of her appeal to September 8, 2022.  We noted that in the meantime, the court would try to find other counsel willing to take Rodriguez's case or, at least, meet with her about her case.

We then directed the Chair of the Federal Bar Association's Pro Bono Committee, Michael A. O'Donnell, Esquire, to select an attorney to represent Rodriguez in this matter.  And on or before August 26, 2022, appointed counsel for Rodriguez was to file an entry of appearance with the court, or if counsel had not entered an appearance within that time, Mr. O'Donnell was to file a status report regarding his search for counsel.  Mr. O'Donnell later informed the court that he has been unable to contact Rodriguez, and, thus, he is unable to find counsel for her.

In light of the above, we gave Rodriguez an additional opportunity to file a brief in support of her appeal. *See doc. 35*.  We noted that were she to fail to file a brief in support, we will deem her to have abandoned this action. *Id*.  Rodriguez

was ordered to file her brief on or before October 17, 2022. *Id.* She has not, however, filed her brief.   Nor has she requested an extension of time to do so.

## III.  Discussion.

Rodriguez has failed to prosecute this action.  Thus, we will dismiss this action pursuant to Fed. R. Civ. P. 41(b).

The court may dismiss an action under Fed. R. Civ. P. 41(b) if the plaintiff fails to prosecute a case or to comply with court rules or court orders.  Even though dismissal is an available sanction, it is a drastic sanction that "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).  In other words, "cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).

Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir. 2002).  But that discretion, while broad, is governed by the following factors, commonly referred to

as the *Poulis* factors, which the Court must balance in deciding whether to dismiss a case:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "The court should consider all six factors but need not find all six to award sanctions." *United States v. Brace*, 1 F.4th 137, 143 (3d Cir. 2021). And no single factor is dispositive. *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008). In this case, an assessment of the *Poulis* factors leads us to conclude that this action should be dismissed.

The first *Poulis* factor is the extent of the party's personal responsibility. A pro se litigant is personally responsible for failure to comply with the Court's rules and orders. In this case, because Rodriguez is now proceeding pro se, she is responsible for her failure to file a brief in support of her appeal.

The second *Poulis* factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d

Cir. 1984).  Prejudice for purposes of the *Poulis* analysis, however, does not mean irremediable harm. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003). "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.*  Under our local rules, it is the plaintiff's brief that frames the issues in the case.[2]  Because Rodriguez has failed to file a brief in support of her appeal, she has failed to set forth reasons why the Commissioner's decision is allegedly not supported by substantial evidence or otherwise in error.  Such a failure to frame the issues means that this case cannot proceed in a timely manner, which can be seen to prejudice the defendant, who seeks a timely resolution of the case.

The third *Poulis* factor is a history of dilatoriness.  While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe,* 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or

---

[2] Under our local rules of court, a plaintiff's brief is required to contain a statement of errors:

> This statement shall set forth in separate numbered paragraphs the specific errors committed at the administrative level which entitle plaintiff to relief.  The court will consider only those errors specifically identified in the briefs.  A general argument that the findings of the administrative law judge are not supported by substantial evidence is not sufficient.

M.D. Pa. L. R. 83.40.4(b).

consistent tardiness in complying with court orders[,]" *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). A "party's problematic acts must be evaluated in light of [his] behavior over the life of the case." *Id.* at 875. In this case, Rodriguez failed to file a brief in support of her appeal after twice being ordered to do so. Rodriguez also failed to respond to the order regarding her counsel's motion to withdraw his appearance. Thus, Rodriguez has a history of dilatoriness.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams,* 29 F.3d at 875. Here, Rodriguez failed to respond to court orders. We do not know the reason for this failure. But because she has failed to respond in any manner, it is reasonable to conclude that she has willfully abandoned this case. In fact, we warned Rodriguez that we would deem her to have abandoned this case if she were to fail to file a brief.

The fifth *Poulis* factor is the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis,* 747 F.2d at 868. Rodriguez is proceeding pro se and *in forma pauperis*, and there is no evidence to support a reasonable inference that she would be able to pay monetary sanctions. Therefore, monetary sanctions would not be an effective sanction in this case.

Moreover, Rodriguez's failure to prosecute this action even in the face of orders to do so leads to an inference that further orders to her would not be effective.  In this case, no sanction short of dismissal would be effective.

The sixth and final *Poulis* factor is the meritoriousness of the claim.  A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis,* 747 F.2d at 870.  Here, the complaint contains only a general statement that the Commissioner's decision is not supported by substantial evidence and is contrary to law. *See doc. 1* at ¶ 5.  And, as set forth above, by failing to file a brief, Rodriguez has failed to frame the issues in this case.  Thus, we cannot say that her claims are meritorious.

In sum, the *Poulis* factors weigh in favor of dismissal.  After her counsel withdrew, Rodriguez has failed to participate in this case.  Her silence and her failure to frame the issues leads us to conclude that she has abandoned this action.

## IV.  Conclusion.

Based on the foregoing and given that Rodriguez has abandoned this action, we will dismiss this action.  An appropriate order follows.

<u>*S/Susan E. Schwab*</u>
Susan E. Schwab
United States Magistrate Judge